IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN DEFRANZA,** individually, and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **CARDO WINDOWS INC., d/b/a CASTLE WINDOWS,** a New Jersey corporation. <br><br> *Defendant* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff John DeFranza ("DeFranza" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Cardo Windows Inc. d/b/a Castle Windows, ("Castle Windows" or "Defendant") to: (1) stop Castle Windows from violating the Telephone Consumer Protection Act by making unsolicited, autodialed calls to consumers without their consent, including calls to consumers who have registered their telephone numbers on the National Do Not Call registry, (2) stop its practice of placing calls using an "automatic telephone dialing system" to the cellular telephones of consumers nationwide without their prior express written consent, and to obtain injunctive and monetary relief for all persons harmed by Castle Window's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1. Castle Windows was started in 1991 by Chris Cardillo Sr.

2. Castle Windowss earns over $70 million in revenue per year and "Castle Ranks #4 [among] the largest Home Improvement companies in America."[1]

3. In order to sustain its significant size, Castle Windows utilizes many marketing methods including internet marketing and telemarketing. Additionally, leads are acquired through lead generation services such as HomeAdvisor.[2]

4. Castle Windows flaunts their leads, stating in a job posting Recruiting "Skilled Salesmen," "LEADS LEADS: Our company is considered a 'lead machine' by other companies in the industry. When you get the good leads, you end up with the best representatives who stick around the longest."[3]

5. However, the leads Castle Windows flaunts are not as high quality as they claim. As prior employees have warned: "They use garbage internet leads"[4] and "The company gives you horrible leads."[5] As a result, Castle Windows's employees regulate placed autodialed calls to consumers without their consent, including to many consumers who have registered their telephone numbers on the National Do Not Call Registry ("DNC").

6. In Plaintiff's case, that means receiving nearly 50 unsolicited, unwanted calls to his cellular telephone number, despite Plaintiff having registered it on the DNC and even despite an express request from Plaintiff to Castle Windows for the calls to stop.

7. In response to these calls, Plaintiff files this lawsuit seeking injunctive and monetary relief.

**PARTIES**

8. Plaintiff DeFranza is a resident of Cherry Hill, NJ.

---

[1] https://www.linkedin.com/in/chris-cardillo-2a1bb113/
[2] https://www.homeadvisor.com/rated.CastleTheWindow.10240090.html
[3] https://www.glassdoor.com/Job/mount-laurel-nj-recruiter-jobs
[4] https://www.glassdoor.com/Reviews/Castle-Windows-Reviews-E621452.htm
[5] *id*

2

9. Defendant Cardo Windows, Inc. d/b/a Castle Windows is headquartered in Mt Laurel, NJ. Defendant conducts business throughout this District, the State of New Jersey, and throughout the United States.

## JURISDICTION AND VENUE

10. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

11. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is headquartered in this District and incorporated in the state of New Jersey, and because the wrongful conduct giving rise to this case occurred in this District.

## COMMON ALLEGATIONS

**Castle Windows Markets its Services by Making Autodialed Calls to Consumer Cellular Phone Numbers Without Consent and Regardless of Whether They are Registered on the DNC**

12. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

13. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to making autodialed solicitation calls to cellular telephone numbers such as Plaintiff's.

14. In placing the calls and text message that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to

3

generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

15.  Not surprisingly, there are numerous online complaints about Defendant's calls from various telephone numbers including 609-445-2600 to consumers who have never consented to such calls, including consumers who have registered their numbers on the DNC or who have otherwise ?demonstrated?? that Castle Windows stop calling them:

- "I keep getting calls from this number, no answer and no message."[6]
- "called twice, hangups."[7]
- "They call relentlessly and via different numbers. Despite repeated requests, they just don't stop calling. 7 days a week, all hours of the day, never leave a message."[8]
- "Received on my cell phone. Unsolicited and unwanted"[9]
- "I told them I do not need new windows, I am on the do not call list, and please do not call again."[10]

16.  Furthermore, Defendant calls consumers who are registered on the Do Not Call registry, even after being asked to stop calling.

17.  Based on an investigation conducted by Plaintiff's attorneys, Castle Windows owns/operates and/or utilizes telephone number 609-445-2600.

18.  In making these unlawful calls, Defendant has invaded the personal privacy of Plaintiff and members of the alleged Classes.

**PLAINTIFF'S ALLEGATIONS**

---

[6] https://800notes.com/Phone.aspx/1-609-445-2600
[7] https://www.showcaller.us/6094452600
[8] https://800notes.com/Phone.aspx/1-856-235-4441/2
[9] https://800notes.com/Phone.aspx/1-856-235-4441
[10] https://800notes.com/Phone.aspx/1-860-540-3933

**Castle Window Agents Repeatedly Called Plaintiff's Cell Phone Number Without Plaintiff's Consent, Despite Plaintiff Registering It on the DNC and Despite Plaintiff's Request to Stop Calling**

19. On November 9, 2007, Plaintiffs cellular telephone number was registered on the National Do Not Call Registry to avoid unsolicited telemarketing calls.

20. On May 1, 2018 at 10:49 AM, Plaintiff received an autodialed phone call from Castle Windows using phone number 609-445-2600 on his cellular number. A voicemail was left stating, "Hi, this message is for John, I'm giving you a call from Castle Windows. We received your inquiry. You were looking to get work done on your home in Cherry Hill, New Jersey. You can give us a call back at 1-800-360-4400. Thank you."

21. Plaintiff received three more autodialed calls from Defendant using phone number 609-445-2600 to his cellular number on May 1, 2018 at 2:08 PM, 4:07 PM and 8:09 PM.

22. During the 4:07 PM call another voicemail was left stating, "Hi, this is Valerie calling from Castle Windows responding to your inquiring to set-up the free window and outdoor estimate. Please give Castle Windows a call at 1-800-360-4400. Thank you." This voicemail began with a long pause before "Valerie" came on the line, indicative that an autodialer was used to place the call.

23. Thereafter, Plaintiff received more than 40 autodialed and unsolicited calls from Castle Windows using telephone number 609-445-2600.

24. On May 18, 2018 at 11:05 AM, Plaintiff received an autodialed call from Defendant using phone number 609-445-2600 on his cellular number. It took a few seconds before the agent came on and began to ask Plaintiff about his interest in siding and windows. Plaintiff told the agent to stop calling him. A screenshot from Plaintiff's phone displaying the call is presented below:



25. Despite asking for the calls to end, Plaintiff received a second autodialed call later in the day at 5:35 PM, again from 609-445-2600.

26. In fact, Plaintiff received 19 more calls from Defendant *after* he told the agent that he wanted Castle Windows to stop calling him. In total, Castle Windows placed 48 unsolicited, autodialed calls to Plaintiff's cellular telephone number.

27. Plaintiff does not have a relationship with Castle Windows or any of its affiliated companies, nor has he ever requested that Castle Windows call him or consented to any contact from Defendant.

28. Simply put, Castle Windows did not obtain Plaintiff's prior express written consent to place any solicitation telephone calls to him on his cellular telephone using an autodialer.

29. The unauthorized telephone calls made by Castle Window's agents, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and

6

disturbed DeFranza's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

30. Seeking redress for these injuries, DeFranza, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones and unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by Castle Windows Agents**

31. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff DeFranza, or (b) Defendant did not obtain prior express written consent.
>
> **Autodialed Stop Class**: All persons in the United States who from a date four years prior to the filing of the initial complaint to the present: (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using an automated telephone dialing system, (4) after the person informed Defendant that s/he no longer wished to receive phone calls from Defendant.
>
> **Do Not Call Registry Class**: All persons in the United States who (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call the Plaintiff DeFranza, or (b) Defendant did not obtain prior express written consent.

7

32. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

33. On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant's conduct constitutes a violation of the TCPA;

   (b) whether Defendant utilized an automatic telephone dialing system to make its calls to Plaintiff and the members of the Classes;

   (c) whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry and whether calls were made to such persons after they requested to no longer be called;

   (d) whether Defendant made autodialed telephone calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

   (e) whether Defendant made autodialed telephone calls to Plaintff and members of the Classes after being told to stop calling; and

  (f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

  35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

  36. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

9

37. Plaintiff repeats and realleges paragraphs 1-36 of this Complaint and incorporates them by reference herein.

38. Defendant and/or its agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

39. These solicitation telephone calls were made en masse without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation telephone calls.

40. Defendant did not have consent from the Plaintiff orally or in writing to call him.

41. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

42. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed Stop Class)**

43. Plaintiff repeats and realleges paragraphs 1-36 of this Complaint and incorporates them by reference herein.

44. Defendant and/or its agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Stop Call Class after being told to stop calling.

45. These solicitation telephone calls were made en masse.

46. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed Stop Call Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

47. In the event that the Court determines that Defendant's conduct was wilful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Stop Call Class.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff DeFranza and the Do Not Call Registry Class)**

48. Plaintiff repeats and realleges paragraphs 1-36 of this Complaint and incorporates them by reference herein.

49. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

50. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[11]

51. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or

---

[11] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

52. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c)

53. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

54. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

55. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes, and appointing his attorneys as Class Counsel;

b) An award of actual and statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA.

d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

f) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes;

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims.

Respectfully Submitted,

**JOHN DEFRANZA**, individually and on behalf of classes of similarly situated individuals

Dated: July 8, 2018              By:   /s/ Stefan Coleman

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
1072 Madison Ave. #1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.

              400 NW 26th Street
              Miami, FL 33127
              Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion is forthcoming*